**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  ADAM COLLINS, | ) | |
|      an individual, | ) | |
| | ) | |
|              *Plaintiff,* | ) | Case No. 22-cv-00203-JFH-CDL |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 1.  STAGHORN PETROLEUM II, LLC | ) | |
| a foreign limited liability company, | ) | **ATTORNEY'S LIEN CLAIMED** |
|              *Defendant.* | ) | **FOR THE FIRM** |

## COMPLAINT

**COMES NOW** the Plaintiff, Adam Collins ("Plaintiff"), by and through his attorney of record Jessica N. Vaught of Armstrong & Vaught, P.L.C. and hereby submits the following Complaint against Defendant Staghorn Petroleum II, LLC ("Defendant") and hereby states and alleges as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301, *et seq.*

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

3.    This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1391(b)(1) and 38 U.S.C. § 4323(c) because Defendant maintains a place of business in this district.

4.    Declaratory and equitable relief are sought in this matter pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

5.    Actual and liquidated damages are sought in the matter pursuant to 38 U.S.C. § 4323(d).

6.      Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and 38 U.S.C. § 4323(h).

7.      Plaintiff was, at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma and is a member of the U.S. Armed Services.

8.      Defendant was and is now existing under the laws of a state other than Oklahoma and maintains a place of business in Tulsa, Tulsa County, Oklahoma.

## OPERATIVE FACTS

9.      Plaintiff was hired by Defendant on or about August 26, 2016, as a Principal Geoscientist. Plaintiff was offered a salary of $210,000/yr., along with a $150,000 commitment and a 3% ownership stake.

10.     In Plaintiffs letter of offer for employment dated July 20, 2016, James P. Royal, the Staghorn Petroleum, LLC CEO acknowledges that Staghorn is aware of Plaintiffs reserve status with the United States Navy.

11.     In a letter written by Frank G. Eby, the Staghorn Petroleum II, LLC CEO, on April 10, 2017, it also acknowledges Defendant's awareness of Plaintiffs reserve status.

12.     On or about May of 2017 Plaintiffs title changed to Geoscience Manager/Principal Geoscientist with Staghorn Petroleum II, LLC. Plaintiff's transition to Staghorn Petroleum II, LLC maintained the same salary Plaintiff was paid with Staghorn Petroleum, LLC but increased Plaintiff's commitment from $150,000 to $250,000 and increased Plaintiff's ownership stake from 3% to 5%.

13.     On or about April of 2019 Defendants hired Mark Sutcliffe as a Geoscience Contractor.

14.   On or about July 25, 2019, Plaintiff was notified by the United States Navy of an involuntary recall that would place Plaintiff on active duty with the Navy. Upon notice of the recall Plaintiff immediately informed Defendant.

15.   On September 13, 2019 Plaintiff reported for active duty with the Navy as ordered.

16.   In early 2020, while still on active duty, Plaintiff was given notice that his position was being eliminated by Defendant and that Plaintiff was being offered a severance package. During this period four other employees were also laid off by Defendant including Ken March, Senior Vice President – Geology, Plaintiff's immediate supervisor. Defendant did, however, maintain Mark Sutcliffe as a Geoscience Contractor and retained a Geologist, Kelsey Putnam-Hughes, on its payroll.

17.   On September 12, 2020, Plaintiff was detached from active duty. The cumulative length of Plaintiff's non-exempt period(s) of military service during his employment relationship with Defendant had no exceeded five years at this time and he received an honorable discharge from active duty at his release.

18.   On or about October 30, 2020, Plaintiff requested re-instatement to employment with Defendant in writing. Plaintiff sent his reinstatement request to Frank Eby, Richard Eby, Jeff Frederick, and Peter Vail of Staghorn Petroleum, LLC. Plaintiff requested reinstatement within 90-days of his detachment from active duty with the United States Navy as required under USERRA.

19.   On or about November 5, 2020, Plaintiff's request for re-instatement was denied by Defendant, specifically Jeff Frederick, due to a purported companywide reduction in force. Jeff Frederick attached §1002.42 of USERRA and highlighted section (c) as their reasoning for not rehiring Plaintiff. Mr. Frederick also attached a USERRA Frequently Asked

Questions page and highlighted, "If an employee would have been laid off while he or she was performing military service, does an employer have to reemploy the person when military service is completed?" Defendant offered a severance package to Plaintiff of $16,160.00 which had to be accepted by Plaintiff on or before November 16, 2020. At this time Plaintiff was terminated from employment by Defendant.

20.    At the time Plaintiff requested reinstatement, positions were available for which Plaintiff was qualified to perform the essential duties and for which Plaintiff had vested right to bump the employee(s) serving in the position(s).  More particularly, Plaintiff retained the qualifications and experience that would have permitted him to serve as a Geologist for Defendant and had sufficient seniority at the time of his discharge from active duty that it was reasonably certain that Plaintiff would have been demoted to the Geologist position if not for his absence due to military service.

21.    In approximately February 2021, Defendant terminated the remaining Geologist, Kelsey Putnam-Hughes.

22.    In March 2021, after Plaintiff's pending USERRA complaint was dismissed by the U.S. Department of Labor, Defendant hired Mark Sutcliffe, existing Geoscience Contractor, as a full-time employee with the title Vice President, Geology.  Had Plaintiff been reinstated into the Geologist position as USERRA required, it was reasonably certain that Plaintiff would have attained this position if not for his absence due to military service.

23.    Between May 2021 and September 2021, Defendant hired an additional full time Geoscience employee, Natalie Rush, and began applying for several drill permits in the area of operations for which Plaintiff was responsible prior to his deployment.

24.    The restructuring of Defendant's operations were completed in such a manner so as to avoid Defendant's obligation to reemploy Plaintiff upon completion of his active duty with the United States Navy, all in contravention of USERRA.

**FIRST CLAIM FOR RELIEF**
**(DENIAL OF REEPLOYMENT IN VIOLATION OF 38 U.S.C. § 4311-4312)**

25.    Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

26.    Plaintiff left employment with Defendant to perform service in a uniformed service.

27.    Defendant received advance notice of Plaintiff's service from Plaintiff prior to his absence due to service in a uniformed service.

28.    The cumulative length of Plaintiff's non-exempt periods of military service during his employment relationship with Defendant did not exceed five (5) years.

29.    Plaintiff was discharged from service with an honorable discharge.

30.    After completing service, Plaintiff timely applied for reemployment with Defendant.

31.    Defendant failed to properly apply USERRA's escalator principle when evaluating its obligation to reemploy Plaintiff subsequent to his discharge from the uniformed service.

32.    By and through, but not limited to, the events described above, Plaintiff was denied the right to reemployment with Defendant because of his service or, alternatively, such denial was motivated by Plaintiff's service in the uniformed services.

33.    By and through, but not limited to, the actions described above, Defendant violated USERRA, 38 U.S.C.§§ 4301, *et seq*.

34.    As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

35.     Defendant's actions were willful and done with reckless indifference to Plaintiff's rights.

36.     Plaintiff has been injured by Defendant's violation of USERRA and is thereby entitled to recover lost wages and benefits in an amount to be determined as well as an equal amount in liquidated damages.   Plaintiff is further entitled to recover his attorney's fees and litigation expenses incurred in prosecuting this matter.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary and benefits; liquidated damages in an amount equal thereto; and front pay, all in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (DISCRIMINATION IN VIOLATION OF 38 U.S.C. § 4311)

37.     Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

38.     By and through, but not limited to, the events described above, Plaintiff was denied reemployment, retention in employment, promotions, and other benefits of employment by Defendant on the basis of his performance of service in a uniformed service.

39.     Defendant's denial of Plaintiff's reemployment, retention in employment, promotions, and other benefits of employment was motivated by Plaintiff's membership in the uniformed services and its actions would not have been taken in the absence of such membership or obligation for service.

40.     By and through, but not limited to, the events described above, Defendant violated USERRA, 38 U.S.C. §§ 4301, et seq.

41.     As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

42.     Defendant's actions were willful and done with reckless indifference to Plaintiff's rights.

43.     Plaintiff has been injured by Defendant's violation of USERRA and is thereby entitled to recover lost wages and benefits in an amount to be determined as well as an equal amount in liquidated damages.  Plaintiff is further entitled to recover his attorney's fees and litigation expenses incurred in prosecuting this matter.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary and benefits; liquidated damages in an amount equal thereto; and front pay, all in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Jessica N. Vaught*
**Jessica N. Vaught, OBA#33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *Telephone*
(918) 583-1755 – *Facsimile*
jvaught@a-vlaw.com
*Attorney for Plaintiff*