IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   ADAM COLLINS, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 22-cv-00203-JFH-CDL |
| (1)   STAGHORN PETROLEUM II, LLC | ) ) ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW the Defendant, Staghorn Petroleum II, LLC ("Staghorn"), by and through its attorneys of record Stephen Q. Peters and Jason A. McVicker of Baum Glass Jayne Carwile & Peters, and hereby submits the following Answer to Plaintiff's Complaint and states as follows:

### JURISDICTION AND VENUE

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that Plaintiff seeks declaratory and equitable relief pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202, but denies that Plaintiff is entitled to relief pursuant to those statutes.

5. Defendant admits that Plaintiff seeks actual and liquidated damages pursuant to 38 U.S.C. §4323(d), but denies that Plaintiff is entitled to actual or liquidated damages pursuant to that statute.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that Plaintiff is a citizen of the State of Oklahoma but cannot admit or deny that Plaintiff remains a member of the U.S. Armed Services and therefore demands strict

proof thereof.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

**OPERATIVE FACTS**

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits in part and denies in part the allegations contained in paragraph 16 of Plaintiff's Complaint. Defendant admits that, pursuant to a reduction in force ("RIF") that positions were eliminated. Defendant denies the characterization of maintaining Mr. Sutcliff or retaining Ms. Kelsey Putnam-Hughes.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

**First Claim for Relief**
**(Denial of Reemployment in violation of 38 U.S.C. §4311-4312)**

25. Defendant hereby incorporates paragraphs 1 through 24 as if fully stated herein.

26. Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant admits the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant admits the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant admits the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

### Second Claim for Relief
### (Discrimination in Violation of 38 U.S.C. §4311)

37. Defendant incorporates paragraphs 1 through 36 as if fully stated herein.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

WHEREFORE, premises considered, the Defendant prays that Plaintiff take nothing by virtue of Defendant's Answer and that Defendant be awarded its attorney fees and costs and for such other and further relief as this Court deems proper.

## Affirmative Defenses

COMES NOW the Defendant, and for its affirmative defenses to Plaintiff's claims for relief, states as follows:

1. Plaintiff's claims are barred by the doctrine of equitable and legal estoppel, and waiver.

2. Plaintiff's claims are barred by the doctrine of the Business Judgment Rule.

3. Plaintiff's claims are barred because the reduction in force constituted a valid change in circumstances as contemplated by 38 U.S.C. §4312.

4. Plaintiff had no right to replace any employee that was currently employed by the Defendant at the time Plaintiff requested reinstatement because the position Plaintiff held had been vacated, was not replaced, and was eliminated as a direct result of the environment of the oil and gas industry at the time Plaintiff requested reinstatement.

5. Plaintiff did not lose his employment position by reason of his absence or by reason of his service in the U.S. Military Services.

6. Plaintiff's claims are barred by the statute of limitations, laches, or are otherwise untimely under applicable law.

7. Plaintiff's damages are limited by Oklahoma's common law and statutory limits on damages, including but not limited to 23 O.S. §§ 9.1 and 15.

8. Defendant asserts all affirmative defenses set forth in Fed. R. Civ. P. 8, 9, and 12, subject to appropriate discovery.

9. Defendant demands a jury trial on all issues.

WHEREFORE, premises considered, Defendant prays that by virtue of the affirmative defenses stated herein, that Plaintiff take nothing by virtue of its Complaint and that Defendant be awarded its attorney fees and costs and such other and further relief as this Court deems proper.

Respectfully submitted,

/s/ Stephen Q. Peters
Stephen Q. Peters, OBA No. 11469
Jason A. McVicker, OBA No. 31150
Baum Glass Jayne Carwile & Peters, PLLC
Mid-Continent Tower
401 S. Boston Ave., Suite 2000
Tulsa, OK 74103
(918) 938-7944– telephone
(918) 938-7966 – facsimile
speters@bgjclaw.com
jmcvicker@bgjclaw.com
**Attorney for Defendant Staghorn Petroleum II, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Jessica N. Vaught

**Attorney for Plaintiff, Adam Collins**

/s/Stephen Q. Peters
Stephen Q. Peters