IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM COLLINS,<br><br>**Plaintiff,**<br><br>v.<br><br>STAGHORN PETROLEUM II, LLC et al.,<br><br>**Defendants.** | Case No. 22-CV-203-JFH-CDL |

### OPINION AND ORDER

Before the Court is the Motion to Reset Scheduling Order Deadlines and Plaintiff's Deadline to Respond to Defendant's Motion for Summary Judgment ("Motion") filed by Plaintiff Adam Collins ("Plaintiff"). Dkt. No. 32. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

### BACKGROUND

On May 6, 2022, Plaintiff filed his complaint, alleging that Defendant Staghorn Petroleum II, LLC ("Defendant") denied him reemployment after a period of military service in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301-19. Dkt. No. 2. On August 15, 2022, the Court entered a scheduling order which required dispositive motions to be filed by January 23, 2023, and discovery to be completed by February 6, 2023. Dkt. No. 11.

In December 2022, Plaintiff's counsel filed a motion to withdraw stating that he was experiencing serious mental health issues and was undergoing treatment which made it impossible for him to effectively represent Plaintiff. Dkt. No. 18; Dkt. No. 24. Counsel stated that Plaintiff had been advised of the motion to withdraw and would be proceeding pro se. Dkt. No. 18. The

Court granted the motion to withdraw and ordered counsel to serve Plaintiff with a copy of the Order allowing withdrawal. Dkt. No. 25. On January 5, 2023, counsel filed a certificate of service indicating that plaintiff had been served with a copy of the Order. Dkt. No. 26.

On January 23, 2023, Defendant filed a motion for summary judgment. Dkt. No. 27. On January 30, 2023, and February 7, 2023, new attorneys entered their respective appearances on behalf of Plaintiff. Dkt. No. 28; Dkt. No. 29. Through his new counsel, Plaintiff requested that the deadline to respond to Defendant's summary judgment motion be extended. Dkt. No. 30. The Court granted the motion, extending the response deadline through February 27, 2023. Dkt. No. 31. On February 24, 2023, Plaintiff filed the instant motion seeking to: (1) extend the February 6, 2023 discovery deadline through May 25, 2023; and (2) extend the summary judgment response deadline through June 8, 2023—two weeks after the proposed extended discovery deadline. Dkt. No. 32. Defendant opposes the requested extensions. Dkt. No. 35.

## LEGAL STANDARD

Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins,* 315 Fed.Appx. 57, 61 (10th Cir. 2009) (citation omitted). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. *Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D.Colo. 2000) (internal quotation and citation omitted). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

The decision to reopen discovery "is committed to the sound discretion of the trial court." *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the

2

Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169 (citations omitted).

While the scheduling order "defines a lawsuit's boundaries in the trial court and on appeal, total inflexibility is undesirable." *Summers*, 132 F.3d at 604 (internal quotation marks and citation omitted). However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended. *Cf. Washington v. Arapahoe Cnty. Dep't of Soc. Servs.,* 197 F.R.D. 439, 441 (D. Colo. 2000) (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent–a–Center, Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

## DISCUSSION

### 1. Imminence of Trial

The first factor addresses whether trial is imminent. *Smith,* 834 F.2d at 169. Here, trial has not yet been set, and the Pretrial Conference will not be held until June 28, 2023. Dkt. No. 11. Thus, trial is not imminent. The Court therefore finds that the first factor weighs in favor of allowing amendment of the scheduling order.

### 2. Opposition to the Request

The second factor addresses whether the moving party's request is opposed. *Smith,* 834 F.2d at 169. Defendant opposes Plaintiff's request to reopen discovery.[1] Dkt. No. 35. The Court therefore finds that the second factor weighs against reopening discovery.

### 3. Prejudice

The third factor addresses whether the non-moving party would be prejudiced by the requested relief. *Smith*, 834 F.2d at 169. Here, Defendant argues that it would be prejudiced by reopening discovery because: (1) it has been diligent in complying with the scheduling order deadlines [Dkt. No. 35 at 3]; (2) reopening discovery would allow Plaintiff to "litigate this case through discovery and then give him the option to try the case or get a do-over." *Id.* at 3, 4. To the extent Defendant is arguing that it would be unfair to give Plaintiff additional time to conduct discovery where Defendant has diligently complied with the Court's scheduling order and the applicable procedural rules and where Plaintiff has not demonstrated good cause, the Court agrees. The Court therefore finds that the third factor weighs in against reopening discovery.

### 4. Diligence

The fourth factor addresses whether the moving party was diligent in obtaining discovery within the guidelines established by the Court. *Smith,* 834 F.2d at 169. Here, the parties engaged in discovery prior to the withdrawal of Plaintiff's prior counsel and Plaintiff does not argue that his prior counsel lacked diligence with regard to the discovery he obtained. Plaintiff's current counsel entered the case just as the dispositive motions deadline and the discovery deadline expired. Counsel's requests to extend the scheduling order and summary judgment response

---

[1] Defendant acknowledges that, given the delay in Plaintiff's current counsel obtaining discovery materials, it may be appropriate to allow him additional time to respond to Defendant's summary judgment motion. Dkt. No. 35 at 4, 5.

deadlines were made within a reasonable time thereafter. Dkt. No. 30; Dkt. No. 32. And although there was a delay in counsel obtaining the discovery materials, there is no indication in the record that the delay was attributable to a lack of diligence on Plaintiff's part. Because Plaintiff, through his counsel, appears to have been diligent in obtaining discovery within the guidelines established by the Court, this factor weighs in favor of reopening discovery.

### E.  Foreseeability

The fifth factor addresses the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court. *Smith*, 834 F.2d at 169. Here, Plaintiff cannot say with certainty that additional discovery is needed. His counsel is simply requesting more time "to determine whether additional discovery is necessary" to respond to Defendant's motion for summary judgment. Dkt. No. 37 at 1. Accordingly, Plaintiff has not presented sufficient information for the Court to evaluate this factor and it weighs neutrally.

### F.  Relevant Information

The sixth factor addresses the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169. As noted above, Plaintiff has not identified specific evidence that he seeks to obtain through reopening discovery. And while Plaintiff indicates that he intends to take a Rule 30(b)(6) deposition if given the opportunity, he does not identify who he would depose, nor does he explain how such a deposition would lead to the discovery of relevant evidence. *Id.* at 1-2. Therefore, the Court finds that this weighs against reopening discovery.

Weighing the relevant factors, the Court concludes that reopening discovery through May 25, 2023, as requested by Plaintiff is not warranted. However, due to the delay in Plaintiff's current counsel obtaining discovery material, the Court will extend the summary judgment response deadline through April 7, 2023.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reset Scheduling Order Deadlines and Plaintiff's Deadline to Respond to Defendant's Motion for Summary Judgment [Dkt. No. 32] is GRANTED in part and DENIED in part. Plaintiff's request to extend the deadline to respond to Defendant's Motion for Summary Judgment [Dkt. No. 27] is GRANTED. Plaintiff's response shall be filed no later than April 7, 2023. Plaintiff's request to reset the scheduling order deadlines is DENIED.

Dated this 9th day of March 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE